UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DOUGLAS KAHN,                                             :

        Plaintiff,                                   :

        -against-                                    :

TOWN SPORTS INTERNATIONAL, INC. &                        :
BANNER GARAGE, LLC,
                                                         :
        Defendants.                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

03 Civ. 9046 (AJP)

**OPINION AND ORDER**

**ANDREW J. PECK, United States Chief Magistrate Judge:**

        Plaintiff Douglas Kahn slipped and was injured on July 24, 2002 as he attempted to step from the first to the second seating level in the steam room at the East 76th Street branch of defendants' New York Sports Club. Trial is scheduled for September 26, 2005. Plaintiff's expert, engineer Scott Silberman, has submitted an expert report concluding that the two level seating area also functioned as a stairway that did not conform to the City building code. Presently before the Court is defendants' motion in limine to preclude that aspect of Silberman's expert testimony and a second aspect dealing with the "coefficient of friction" of the seating area.

        For the reasons set forth below, defendants' motion in limine to preclude Silberman from testifying (Dkt. No. 22) is GRANTED as to testimony concerning the Administrative Code of the City of New York § 27-375 and DENIED as to testimony concerning the coefficient of friction measured in the seating area.

# ANALYSIS

## I. THE ADMINISTRATIVE CODE REGULATING "INTERIOR STAIRS" DOES NOT APPLY TO THE STEAM ROOM TWO-LEVEL SEATING AREA

Administrative Code of the City of New York § 27-375, which governs the construction and maintenance of interior stairs that provide a means of exit from a building, clearly does not apply to the two-level seating area in the steam room.[1] Administrative Code of the City of New York §§ 27-354,[2] 27-375; see, e.g., Weiss v. City of New York, 16 A.D.3d 680, 682, 792 N.Y.S.2d 530, 533 (2d Dep't 2005) ("[T]he ladder did not qualify as 'interior stairs' as defined . . . in Administrative Code of the City of New York § 27-375, because it provided access between the first floor of the building and the building's basement, and did not serve as a required exit from the building."); Wyckoff v. Jujamcyn Theaters, Inc., 11 A.D.3d 319, 320, 784 N.Y.S.2d 26, 28 (1st Dep't 2004) ("The Building Code provision regulating 'interior stairs' on which plaintiff's expert relies (Administrative Code of City of N.Y. § 27-375) does not apply to stairs located in aisles . . . "); Savarese v. Sacred Hearts & St. Stephen's Church, 309 A.D.2d 848, 849, 766 N.Y.S.2d 48, 48-49 (2d Dep't 2003) ("We agree with the Supreme Court that the stairs that the injured plaintiff trip[ped] and fell upon were not subject to the requirements of sections 27-375 and 27-376 of the

---

[1]    Whether or not the steam room seating area constituted an "interior staircase" under the Administrative Code is a question of law not fact. See, e.g, Gaston v. New York City Hous. Auth., 258 A.D.2d 220, 224-25, 695 N.Y.S.2d 83, 85-86 (1st Dep't 1999) (& cases cited therein).

[2]    Section 27-354 describes the scope of subchapter 6, "means of egress," as follows:

> The provisions of this subchapter shall control the design, construction, protection, location, arrangement and maintenance of required exit facilities to provide safe means of egress from all buildings. . . .

Administrative Code of the City of New York.  The stairs were not 'exterior stairs' being 'used as exits in lieu of interior stairs.'"), appeal denied, 2 N.Y.3d 708, 781 N.Y.S. 2d 290 (2004);  Walker v. 127 W. 22nd St. Assoc., 281 A.D.2d 539, 540, 722 N.Y.S.2d 250, 250 (2d Dep't 2001) ("The staircase provided access between the first floor and the basement levels of the building. At trial, the plaintiff introduced expert testimony attempting to prove that the staircase violated Administrative Code of the City of New York § 27-375, which pertains to interior stairs.  However, contrary to the plaintiff's contention, the Supreme Court properly determined that those stairs were not interior stairs as that term is defined in Administrative Code of the City of New York § 27-232, and thus the Code regulations governing interior staircases did not apply."); Union Bank & Trust Co. v. Hattie Carnegie, Inc., 1 A.D.2d 199, 200, 149 N.Y.S.2d 122, 123 (1st Dep't 1956) (Five carpeted steps leading from the main salon in defendant's store to a fitting room were not "required exit stairs" within the meaning of § 27-375.).

The levels of seating in a steam room do not, by any stretch of the imagination, act as an "interior staircase" used as a means of "egress from [the] building" under the Administrative Code of the City of New York.  Silberman's testimony about Administrative Code § 27-375 is precluded.

## II.     SILBERMAN'S TESTIMONY ABOUT THE "COEFFICIENT OF FRICTION" IS NOT PRECLUDED

Defendants also argue that Silberman should not be allowed to testify as to the "coefficient of friction" on the tiles of the steam room seating levels because he did not take into account the fact that plaintiff "was wearing something on his feet when the accident occurred." (Dkt.

No. 22: Defs. In Limine Br. at 6.) According to defendants, "[b]y failing to include the measurement of the Static Coefficient of Friction of footware, Mr. Silberman's calculations fail to lay a proper foundation in order to have his measurements introduced as evidence." (Id. at 7.) Defendants have cited to no authority for this position, and the Court is unpersuaded that Silberman's testimony is rendered "unduly speculative and not based upon evidence" because he did not "take . . . into account" that plaintiff "was wearing something on his feet when the accident occurred." (Id. at 5-6.) This fact goes to the weight of the expert's testimony, not its admissibility. See, e.g., Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir.1996); Santoro ex rel. Santoro v. Donnelly, 340 F. Supp. 2d 464, 473 (S.D.N.Y. 2004) ("Although expert testimony should be excluded if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison, other contentions that are unfounded go to the weight, not the admissibility, of the testimony."); Bacardi & Co. v. New York Lighter Co., No. 97-CV-7140, 2000 WL 298915 at *2 (E.D.N.Y. Mar. 15, 2000) (same); Guild v. General Motors Corp., 53 F. Supp. 2d 363, 369 (W.D.N.Y. 1999) ("Such differences of opinion and alleged weaknesses in the experts' methodologies will go to the weight to be given the expert testimony, not its admissibility."); People v. Boice, 89 A.D.2d 33, 35, 455 N.Y.S.2d 859, 860 (3d Dep't 1982) ("Any improper assumptions used by the accident reconstruction expert in establishing an impact point for the accident and the motorcycle's rate of speed affected the weight to be accorded the expert's testimony and not its admissibility.").

Defendants also argue that Silberman should be precluded from testifying at trial because "plaintiff cannot rely upon a low coefficient of friction value to assert a negligence claim

against defendants." (Defs. In Limine Reply Br. at 5.) Defendants are correct that a failure to provide a non-slip surface does not constitute negligence per se. This evidence, however, can be introduced at trial and considered by the jury, along with other evidence, as to the issue of defendants' negligence. See, e.g., Richards v. United States, 170 F. Supp. 2d 423, 426 (S.D.N.Y. 2001) ("[A]lthough plaintiff emphasizes that the New York State building code requires that property owners provide nonslip surfaces for stair treads and landings, plaintiff cites no New York authority which holds that a failure to so provide a nonslip surface constitutes negligence per se. In fact, even assuming defendant somehow violated the New York State building code by failing to provide a non-slip surface on the stairway, such a failure is not negligence per se under New York law but is only evidence of negligence that the fact-finder may consider and weigh in its deliberations."); Radaelli v. City of Troy, 229 A.D.2d 882, 884, 645 N.Y.S.2d 940, 942 (3d Dep't 1996); Rojas v. City of New York, 208 A.D.2d 416, 419, 617 N.Y.S.2d 302, 305 (1st Dep't 1994), appeal denied, 86 N.Y.2d 705, 632 N.Y.S. 2d 498 (1995). Silberman will not be precluded from testifying as to the coefficient of friction of the seating area, subject to cross-examination as to his non-consideration of plaintiff Kahn's footwear in measuring the coefficient of friction.

## CONCLUSION

Defendants' motion in limine is GRANTED in part and DENIED in part: plaintiff's expert Silberman is precluded from testifying about New York City Administrative Code § 27-375, but is not precluded from testifying, subject to cross-examination, about his calculation of the

coefficient of friction of the steam room seating area. Any other issues as to Silberman's testimony will be resolved at trial.

        SO ORDERED.

Dated:      New York, New York
             September 12, 2005

                                **Andrew J. Peck**
                                United States Chief Magistrate Judge

Copies to:    Joshua N. Stein, Esq.
             Donald G. Derrico, Esq.